UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MONICA J. DENNIS,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

MRS ASSOCIATES, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, MONICA J. DENNIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MRS ASSOCIATES, INC., is a professional corporation and citizen of the State of New Jersey with its principal place of business at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt due Ford Motor Credit Company, LLC arising from an alleged debt incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> December 2, 2009 at 2:48 PM
> This message is for Monica J. Dennis. Ms. Dennis my name's Bill Nicholson, contacting you regarding a file that I had placed on my desk. I want to review some of the information in front of me with you personally. Phone number for you to reach me is 1-800-819-8567 extension 3607. The file number for your reference Ms. Dennis, 14408907. I am being asked to render a decision on this file Ms. Dennis. It's in your best interest to get back

in touch with me as soon as you receive the message so I get your side of the story on record. Take care.

11. Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

13. Defendant, MRS Associates, Inc., failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose Defendant's name.

14. Up to May 1, 2010, Defendant, MRS Associates, Inc., had a policy of failing to disclose its status as a debt collector and failing to disclose its name, in all telephone messages placed to consumers to collect debts.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant, MRS Associates, Inc., failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiff incorporates Paragraphs 1 through 14.

18. Defendant, MRS Associates, Inc., placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and thus the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

## CLASS ACTION ALLEGATIONS

19. Plaintiff incorporates the foregoing paragraphs.

20. This action is brought on behalf of a class defined as:

    a. all United States residents for whom Defendant left a message in which it failed to make meaningful disclosure of its identity,

    b. in an attempt to collect a debt incurred for personal, family or household purposes

    c. due Ford Motor Credit Company, LLC

    d. during the one-year period prior to the filing of the complaint in this matter through May 1, 2010.

21. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

22. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. whether Defendant's messages violate the FDCPA and

    b. whether Defendant is a debt collector.

23. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

25. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class and against Defendant for:

      a.      Certification of this matter to proceed as a class action;

      b.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

      c.      Attorney's fees, litigation expenses and costs of suit; and

      d.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658